UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACKMAN, INC.,

               Plaintiff,

      v.

GSP GOLF AB d/b/a GSPRO, DAVOR
BOGAVAC, SIMULATORGOLFTOUR LLC,
and CHAD COOKE,

               Defendants.

Case No. 1:23-cv-598-NRB

GSP GOLF AB d/b/a GSPRO, DAVOR
BOGAVAC, SIMULATORGOLFTOUR LLC,
and CHAD COOKE,

               Counterclaim Plaintiffs,

      v.

TRACKMAN, INC.,

               Counterclaim Defendant.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff and Counterclaim Defendant TrackMan, Inc. and Defendants and

Counterclaim Plaintiffs GSP Golf AB d/b/a GSPro, Davor Bogavac, SimulatorGolfTour LLC,

and Chad Cooke (each a "Party" and collectively, the "Parties") understand that they and non-

parties to this action possess, and may need to disclose in the course of this litigation,

confidential or proprietary business, financial, marketing, personal, technical, and other

information which, if publicly disclosed or disclosed to certain individuals associated with the

Parties, would provide others with an unfair competitive or improper advantage, would violate

the privacy rights of individuals, or would create a substantial risk of causing a Party to suffer

significant competitive damage or other harm;

WHEREAS, the Parties believe that good cause exist to provide protections with respect

to the disclosure of such confidential and proprietary information, and have discussed the terms

of an appropriately tailored protective order;

WHEREAS, the Parties agree upon the terms of, and the Court has found that good cause

exists under Federal Rule of Civil Procedure 26(c) to issue, this Stipulated Protective Order (the

"Order");

NOW, THEREFORE, it is hereby ORDERED that the following restrictions and

procedures will apply to the information and documents disclosed by the Parties and by non-

parties in this action.

1.    **Definitions**

a.    "**Confidential**" information is information, testimony, or tangible items

obtained during discovery in this litigation that the Producing Party in good faith reasonably

believes will disclose confidential and nonpublic technical, commercial, financial, marketing,

personal, or business information the public disclosure of which is either restricted by law or

would likely, in the good faith opinion of the producing person, seriously harm the producing

person's business, commercial, financial, or personal interests or cause the producing person to

violate his, her, or its privacy or confidentiality obligations to others.

b.    "**Discovery Material**" refers to any information, data, documents,

material, items, testimony, or thing filed or presented to the Court or produced, made available

for inspection, served, or generated in this litigation during the discovery process (formal and

informal), including, without limitation, documents, deposition testimony or transcripts,

interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, declarations, affidavits, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, extracts, compilations, designations, portions, or summaries of them.

      c.      "**Document**," without regard to capitalization, is used in the broadest possible sense and equal in scope to the usage of the terms "documents" and "electronically stored information" in Federal Rules of Civil Procedure 26 and 34(a) and including all those items mentioned and defined in Federal Rule of Evidence 1001, Federal Rule of Civil Procedure 34(a)(1), and Local Civil Rule 26.3(c)(2).

      d.      "**Highly Confidential – Attorneys' Eyes Only**" is Confidential information, testimony, or tangible items that the Producing Party reasonably and in good faith believes the disclosure of which would create a substantial risk of causing the Producing Party to suffer significant competitive damage and which contains trade secrets; operating, management, or other proprietary agreements; source code or related materials, including wikis, dashboards, drawings, graphs, charts, technical files, engineering notebooks, databases, libraries, meeting minutes, product proposals, design reviews, test setup diagrams, test procedures, internal memoranda, correspondence, articles, presentation materials, reports, notes, workbooks, printouts, electronic discussion forums, and instant message communications; confidential business ownership information; business financial records or projections; proprietary information and technical specifications; confidential strategic business plans and projections; information that is subject to an express obligation of confidentiality owed by the Producing Party to a third-party or by law; or material that the Producing Party reasonably believes, in good faith, could subject the Producing Party to criminal prosecution.

e.      "**Highly Confidential – Source Code**" is sensitive "Confidential" information or "Confidential" items consisting of computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The Parties agree that they will promptly negotiate, in good faith, terms governing how "Highly Confidential – Source Code" material will be made available and reviewed, and will seek to submit to the Court a separate proposed stipulated order reflecting such terms.

f.      "**In-House Counsel**" refers to attorneys who are employees of a Party and serving in a legal and compliance role.

g.      "**Outside Counsel**" refers to attorneys who are not employees of a Party but who are retained or engaged to represent or advise a Party in this litigation and who have appeared as counsel of record in this action, and any law firms retained to represent a non-party to this litigation.

h.      "**Party**" refers to any named Party to this Litigation, including its officers, directors, and employees.

i.      "**Personal Data**" means any information that a Party believes in good faith to be subject to federal or state data protection laws or other privacy obligations.   Personal Data includes without limitation social security numbers, tax returns, medical, personal and banking information, and personal financial information.

j.      "**Protected Material**" means any Discovery Material that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code."

k.      "**Producing Party**" refers to any Party to this litigation or any non-party, including its counsel, retained experts, directors, officers, employees, and agents, who marks or designates any Discovery Material as Protected Material.

l.      "**Receiving Party**" refers to any Party to this litigation, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material in this litigation.

m.      "**Outside Expert**" means an expert or consultant (regardless of whether they will be submitting an expert report or testifying in this action) who is (1) retained to assist counsel for the Parties in connection with this litigation; (2) not a Party or a current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.     Scope**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information:  (x) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record

through trial or otherwise; and (y) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.    **Designation of Protected Material**

a.    All Protected Material in the form of physical objects or documents will be designated by stamping or affixing on the face of each object or document and/or on each page or portion of it one of the following legends:  "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" (in either lower case or upper case letters); or by designating the material as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" in a clear and conspicuous manner at the time that such materials is produced in accompanying correspondence, emails, or similar transmissions and, to the extent practicable and without deleting or altering original filenames or metadata, including such designation in the file name or other mechanism so that it is clear and unambiguous to individuals (who may not have been included in such transmitting communication) that the item has such designation.

b.    All Protected Material in the form of software or digital material stored on an electronic storage device will be designated by affixing either a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" legend on the device itself, by electronically stamping one of these legends on each page or portion of it, or by designating the material as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" or as "Highly Confidential – Source Code" in a clear and conspicuous manner at the time that such materials are produced in accompanying correspondence, emails, or similar transmissions.

     c.     Testimony given at a deposition, the resulting transcript, and its exhibits may be designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" during the deposition or within fourteen (14) days after receipt of a copy of the transcript by advising the opposing Party and the stenographer in writing of the specific page and line numbers designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only." The Parties will endeavor to have the court reporter / stenographer separately bind pages of transcribed testimony or exhibits designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only". All copies of deposition transcripts that contain information or material designated as Protected Material will be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the cover, as appropriate. Pending expiration of the fourteen (14) days, all Parties and, if applicable, any non-party witnesses, will treat the deposition transcript as if it had been designated "Confidential," except for those portions designated "Highly Confidential – Attorneys' Eyes Only" during the deposition. Persons attending depositions who are not authorized recipients of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may be asked to leave by the Producing Party, and will leave, for portions of the deposition when such material is the subject of the examination.

     d.     A Producing Party that has designated information as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" may withdraw the designation by written notification to all Parties.

     e.     Each Party that designates information or items as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

4.      **Use and Disclosure of Protected Material**

a.      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of the section "Document Disposal" below.

b.      Until or unless the Court rules otherwise, material marked or otherwise designated as Protected Material will be maintained at a location and under circumstances reasonably designed to ensure that access is limited to the persons entitled to have access under this Order.

c.      "Confidential" information may only be disclosed to:

i.      The officers, directors, members, managers, personnel, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to assist with preparing, prosecuting, defending, settling, mediating, arbitrating, or trying this litigation;

ii.     Any witness whose counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided any such witness (a) may be given access only to Confidential information that counsel for a Party in good faith believes may be relevant to the anticipated testimony of such witness, and (b) has first executed the acknowledgment/agreement to be bound in the form annexed hereto and the disclosure of Confidential information;

iii.    Outside Counsel for the respective Parties, including their administrative, litigation support, law clerk, and paralegal employees or contractors;

iv.    Outside Experts and their assistants and administrative support staffs,

v.    Court reporters, stenographers, and video recorder operators retained by any Party or assigned by the Court to record a deposition or court hearing, and their staffs;

vi.    Any litigation support consultants and professional vendors engaged to provide services in this litigation such as outside photocopying, coding, digitizing, data processing, or graphic production vendors, professional translators or interpreters, or jury consultants, to whom disclosure is reasonably necessary for this litigation ;

vii.    The Court and its personnel and staff;

viii.    The authors, addressees, or recipients, or person who was the original source of the Protected Material and any custodian or other person who otherwise possessed the materials or had access to the materials as part of their duties and in the ordinary course of business;

ix.    Any mediators, arbitrators, or special masters attempting to assist in resolving or adjudicating all or any portion of this litigation, provided that (a) they are appointed by the Court or all parties agree in writing that they may serve in that capacity, and (b) they agree to protect and maintain the confidentiality of Protected Material consistent with this Order;

9

          x.      Any person to whom the Producing Party agrees in writing or on the record during a transcribed proceeding; and

          xi.      Any person to the extent required by Court order after the Producing Party has been provided notice of the order.

        d.      "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" information may only be disclosed to persons identified in § 4(c)(iii)-(xi) above.

        e.      For each person under § 4(c) and (d) above who is required to execute an Acknowledgement and Agreement to Be Bound attached as Exhibit A, Outside Counsel for the Receiving Party will keep a copy in their files of each such Acknowledgement and Agreement to Be Bound until at least sixty (60) days after the final termination of this litigation, including all appeals.

        f.      Review of Protected Material by persons identified in § 4(c) and (d) will not waive confidentiality or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Protected Material will not be deemed a waiver in whole or in part of any Producing Party's claims of confidentiality.

        g.      Nothing in this Order will limit or restrict a Producing Party from disclosing its otherwise designated Protected Material in any manner it deems appropriate.

    5.      **No Waiver of Privilege, Work Product, or Other Protection**

        a.      The production of documents or information that is attorney-client privileged, attorney work product, or otherwise protected from disclosure is not a waiver of the privilege or protection from discovery in this litigation or in any other proceeding. The Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps

were taken to prevent such disclosure.  This Order will be interpreted to provide the maximum

protection allowed by Federal Rule of Evidence 502(d).

        b.     If, during the course of this litigation, a Producing Party produces a

document or information that the Producing Party later claims to be attorney-client privileged,

attorney work product, or otherwise protected from disclosure, the Producing Party may give

written notice to the Receiving Party of the claim and the basis for it. After being notified, the

Receiving Party must promptly destroy the specified document or information and any copies,

notes, quotations, or summaries of it, and must take reasonable steps to retrieve the information

if the Receiving Party disclosed it to others before being notified. The Producing Party must

promptly provide, for any document or item of information, identified pursuant to this Section,

the information set forth in Local Civil Rule 26.2(a), or information in a format agreed to by the

Parties as sufficient for assessing a claim of attorney-client privilege, attorney work product, or

other protection from disclosure.  By destroying the specific document or information, the

Receiving Party does not waive or in any way prejudice any motion it may make to challenge the

privilege claim and compel the production of it (although the Receiving Party may not use any

details and information it might have learned from reviewing the privileged information in its

subsequent challenge of the Producing Party's privilege claim).

      6.    **Disputes Over Designations**

        a.     If a Receiving Party disputes a Producing Party's designation of Discovery

Material as Protected Material, the Receiving Party will notify the Producing Party in writing of

the basis for the dispute (the "Objection"), identifying the specific Discovery Materials and

designations which are disputed and proposing a new designation, if any, for such Discovery

Materials. The Receiving Party and the Producing Party will then meet and confer within three

(3) business days of the Receiving Party's notice to attempt to resolve the Objection without involvement of the Court.

        b.     If the Receiving Party and the Producing Party cannot resolve the Objection within five (5) business days of when the Objection was served on the Producing Party, or reach an impasse before then, the Receiving Party may then move the Court to change the designation.  The Discovery Materials will remain subject to the Producing Party's "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" designation until the Court rules on the motion.  Such application will be made in accordance with the Local Rules of the United States District Court for the Southern District of New York and the Court's Individual Practices.

        c.     No Party will be obligated to challenge the propriety of any designation by any Producing Party. A Producing Party's designation of Discovery Materials as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information, or a Party's failure to contest a designation of information as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code," is not an admission that the information was properly designated, is not determinative of whether such Discovery Materials are entitled to be deemed as such, and does not in any way preclude or prejudice a subsequent challenge in this litigation or any other proceedings to the propriety of such designation.

        7.     **Filing of Protected Material**.  Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Receiving Party that wishes to file a Producing Party's Protected Material, or any pleadings, motions, or other papers filed with

the Court disclosing any Protected Material, must seek leave to file the documents under seal pursuant to the Local Rules of the United States District Court for the Southern District of New York and the Court's Individual Practices. The Producing Party shall be afforded the opportunity to submit legal argument and evidence (where necessary) in opposition to any such motion to seal.

8.    **Unintentional Failure to Designate Discovery Material**.  If, through inadvertence, a Producing Party provides any Discovery Material in this litigation without designating or marking the Protected Material as "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Source Code," the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Protected Material, and the Receiving Party will treat the disclosed Protected Material as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" upon receipt of written notice from the Producing Party.  Disclosure of such Protected Material to persons not authorized to receive it, if such disclosure occurred prior to the Receiving Party being placed on written notice of its proper confidentiality designation, will not be deemed a violation of this Order. However, in the event the Protected Material has been distributed in a manner inconsistent with the subsequent confidentiality designation, the Receiving Party will take reasonable steps necessary to conform distribution to the confidentiality designation, *e.g.*, by attempting to retrieve all copies of the Protected Material, and notes or extracts of it, in the possession of the persons not authorized under this Order to possess such Protected Material and advising the person(s) to whom disclosure was made that the material is confidential and should be treated as provided in the Order.  In addition, the Producing Party shall provide each other

Party with replacement versions of such Discovery Material that bears the appropriate

designation within three (3) business days of providing such notice.

9.    **Unauthorized Disclosure of Protected Material**.  If the Receiving Party learns

of any improper or unauthorized disclosure of Protected Material, the Party's counsel will (a)

inform such person of all the provisions of this Order; (b) promptly identify such person in

writing to the Producing Party; and (c) request that such person execute the Acknowledgment

and Agreement to Be Bound attached Exhibit A.  If such person executes the Acknowledgment

and Agreement to Be Bound, then the Receiving Party will, promptly upon receipt, forward the

executed acknowledgement to the Producing Party, and then the Receiving Party must use

reasonable efforts to retrieve all copies of the Protected Material disclosed and prevent further

unauthorized disclosure of the Protected Material.  The person executing the Acknowledgment

and Agreement to Be Bound will return all copies of the Protected Material promptly and will

take all reasonable steps to prevent further unauthorized disclosure of the Protected Material. If

such person refuses to execute the appropriate acknowledgement, the Receiving Party must use

reasonable efforts to retrieve all copies of the Protected Material disclosed and prevent further

unauthorized disclosure of the Protected Material.

10.    **Information Not Covered by This Order**

a.    The restrictions set forth in this Order will not apply to information that

was publicly known before the date of its production to the Receiving Party, or which lawfully

comes into the possession of or lawfully becomes known to the Receiving Party or lawfully

comes into the possession of or otherwise lawfully becomes known to the public after the date of

its production to the Receiving Party, provided that such information does not become publicly

known by any act or omission of the Receiving Party that would be in violation of this Order.

b.      Any use of Protected Material at trial will not be governed by this Order. The use of Protected Material at trial will be raised by the parties and separately addressed by the Court at a later date.

11.     **Provision of Legal Advice**.  This Order will not bar any In-House or Outside Counsel in the course of rendering advice to his or her Party client with respect to this litigation from conveying to any Party client an evaluation in a general way of Protected Material produced or exchanged; provided, however, that in rendering such advice and otherwise communicating with the Party client, the attorney will not disclose the specific contents, directly or indirectly, of any Protected Material produced, if such disclosure would be contrary to the terms of this Order.

12.     **Joinder of Parties**.  This Order will be binding on any Party joined in the litigation unless and until the Court, pursuant to a request by the joined Party or on its own accord, orders that the joined Party is not subject to the terms of the Order.

13.     **Survival of Obligations**.  This Order will remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by order of this Court.

14.     **Non-Party Requests for Protected Material**.  If Protected Material in the possession, custody, or control of a Receiving Party is sought by a third-party or outside of this action via subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process ("Request"), the Receiving Party to which the Request is directed will promptly, and in any case within seven (7) days of receiving the Request, give written notice of such Request together with a copy of it to the Producing Party so that the Producing Party has a reasonable opportunity to challenge, object to, move to quash, or oppose the Request.  If the Producing Party chooses to do so, the Party receiving the Request will not

produce Protected Material before the actual due date for compliance, and will not object to or interfere with any effort by the Producing Party to seek a prompt determination of the Producing Party's challenge, objection, motion to quash, or opposition before compliance is required. Notwithstanding the foregoing, nothing in this Section shall be construed as requiring any Party to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body. Nothing in this Order will be construed as requiring the Receiving Party or anyone else covered by this Order to challenge, object to, move to quash, or oppose the Request, subject itself to penalties for noncompliance, or seek any relief from any court or administrative agency.

15.    **No Admissions**.  Nothing in this Order or done by a Party pursuant to this Order will (a) operate as an admission or waiver by any Producing Party regarding the confidentiality or non-confidentiality of any information; (b) operate as a waiver by any Party of attorney-client privilege, work product protection, or any legally cognizable privilege or other protection to withhold any information, or of any right that a Party might have to assert such privilege or other protection at any stage of this litigation; (c) prejudice the right of any Party to contest the alleged relevance, authenticity, admissibility, or discoverability of information sought or obtained, or otherwise prevent any Party from objecting to discovery that it believes to be improper; (d) prejudice the right of any Party to move for a separate protective order as to any particular document or information, including restrictions differing from those in this Order; or (e) prejudice the right of any Party to move for modification of this Order.

16.    **Non-Parties**.  Non-parties that are obliged to provide Discovery Materials in this litigation by deposition, production of documents, or otherwise may request the protection of this Order as to the non-party's own Discovery Materials.  Discovery Materials produced by such

non-parties and designated as Protected Material will be treated by the Parties in conformance with this Order.

17.    **Document Disposal**.  Except as otherwise agreed in writing by the Parties, within sixty (60) days of the final termination of this litigation, including all appeals, the Receiving Party will destroy all Protected Information provided to it by the Producing Party.  With respect to electronic versions of Protected Material in possession of a Receiving Party or its Outside Counsel, they will be destroyed or erased to the extent Protected Material is stored in internal or hosted databases, non-archived email files, or on active electronic servers (as opposed to emergency backup storage or tapes).  Outside Counsel may retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, deposition and trial exhibits, legal memoranda, correspondence, written discovery requests and responses, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain Protected Material will remain subject to this Order.  The sixty-day deadline may be extended by mutual agreement of the Receiving Party and Producing Party without the need for an order from the Court.  Within seven (7) days following the destruction of Protected Materials pursuant to this Section and the written request of Outside Counsel of a Producing Party, Outside Counsel for each Receiving Party will provide to Outside Counsel for the Producing Party a certification confirming compliance with this Section.

18.    **Violations**.  In the event of any breach or violation of this Order, the Court may grant such relief as it deems appropriate in accordance with the Federal Rules of Civil Procedure, including monetary damages, equitable relief, and appropriate sanctions.

19.    **Other**.  This Order may be modified by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions.  The Parties' stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

SO STIPULATED AND AGREED.

Dated:  January 22, 2025

GOODWIN PROCTER LLP

By: /s/ Stefan Mentzer
    Stefan Mentzer
    Scott. T. Weingaertner
    Timothy Keegan
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel. + 1 212 813 8800
smentzer@goodwinlaw.com
sweingaertner@goodwinlaw.com
tkeegan@goodwinlaw.com

*Attorneys for Plaintiff and Counterclaim-
Defendant TrackMan, Inc.*

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/ Caren Decter  *(with consent)*
    Caren Decter
    Jeremy S. Goldman
28 Liberty Street, 35th Floor
New York, New York 10005
Tel. +1 212 980 0120
cdecter@fkks.com
jgoldman@fkks.com

*Attorneys for Defendants and Counterclaim-
Plaintiffs GSP Golf AB and Davor Bogavac*

FIRESTONE GREENBERGER PLLC

By: /s/ Jordan Greenberger *(with consent)*
    Jordan Greenberger
225 West 34th Street, 9th Floor
New York, New York 10122
Tel. + 1 212 597 2255
jg@firegreenlaw.com

*Attorneys for Defendants and Counterclaim-
Plaintiffs SimulatorGolfTour LLC and Chad
Cooke*

SO ORDERED.

Dated:  January 23  , 2025

_____
Hon. Naomi Reice Buchwald
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACKMAN, INC.,

     Plaintiff,

   v.

GSP GOLF AB d/b/a GSPRO, DAVOR
BOGAVAC, SIMULATORGOLFTOUR LLC,
and CHAD COOKE,

     Defendants.

Case No. 1:23-cv-598-NRB

GSP GOLF AB d/b/a GSPRO, DAVOR
BOGAVAC, SIMULATORGOLFTOUR LLC,
and CHAD COOKE,

     Counterclaim Plaintiffs,

   v.

TRACKMAN, INC.,

     Counterclaim Defendant.

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare as follows:

1.  I understand that certain materials containing information designated as

"Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source

Code" as defined in the Stipulated Protective Order (the "Order") may be provided to me in

connection with this litigation.

2.  My address is _____.

My current employer is _____.

Ex. A-1

My current occupation is _____.

       3.     I have been given a copy of and have carefully read and understand the Order.

       4.     I will comply with all of the provisions of the Order.  I will hold in confidence and will not disclose to anyone not qualified under the Order any information designated as Protected Material that is disclosed to me, without the express written consent of the Party who designated such information as being confidential or by order of this Court.

       5.     I understand that I will retain all information designated as Protected Material that is disclosed to me in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in his matter, after which all such documents and materials, including all copies of them, and any writings, excerpts, or summaries prepared by me containing any Protected Material will be (a) returned to counsel who provided me with such documents and materials, or (b) destroyed or erased by me with written certification of such destruction or erasure being provided to counsel who provided me with such documents and materials.

       6.     I submit to the jurisdiction of this Court for the purpose of enforcement of the Order.

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____    _____

                                             Signature