# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRACKMAN, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GSP GOLF AB d/b/a GSPRO, DAVOR BOGAVAC, SIMULATORGOLFTOUR LLC, and CHAD COOKE,<br><br>    Defendants.<br><br>GSP GOLF AB d/b/a GSPRO, DAVOR BOGAVAC, SIMULATORGOLFTOUR LLC, and CHAD COOKE,<br><br>    Counterclaim Plaintiffs,<br><br>  v.<br><br>TRACKMAN, INC.,<br><br>    Counterclaim Defendant. | Case No. 1:23-cv-598-NRB |

**TRACKMAN'S AMENDED RESPONSES AND OBJECTIONS TO THE
SGT DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-6)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff TrackMan, Inc. ("TrackMan") responds to the first set of interrogatories served by Defendants SimulatorGolfTour LLC and Chad Cooke (the "SGT Defendants") dated January 14, 2025.

**GENERAL OBJECTIONS**

  1.  TrackMan objects to the interrogatories to the extent they seek to impose obligations not required by the Federal Rules of Civil Procedure, the Local Rules of the United

States District Court for the Southern District of New York, and the Court's Individual Practices.

2. TrackMan objects to the interrogatories to the extent they seek information not relevant to any claim or defense in this case.

3. TrackMan objects to the interrogatories to the extent they are unduly burdensome.

4. TrackMan objects to the interrogatories to the extent they are not proportional to the needs of the case.

5. TrackMan objects to the interrogatories to the extent they are vague, ambiguous, and unintelligible.

6. TrackMan objects to the interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, and any other privilege or protection. Any inadvertent disclosure is not a waiver of any privilege or protection that may apply to such information.

7. TrackMan objects to the interrogatories to the extent they seek information that is confidential, proprietary, and commercially or competitively sensitive. TrackMan will produce such information in accordance with the stipulated protective order (ECF No. 80), but will not produce personally identifiable information of customers.

8. TrackMan objects to the interrogatories to the extent they seek information not in its possession, custody, or control, or refer to persons, entities, or events not known to it.

9. TrackMan objects to the interrogatories to the extent they seek information or documents that are available from public sources and records or from third parties.

10. TrackMan objects to the interrogatories to the extent the information requested is equally available to the SGT Defendants, or is readily obtainable from another source that is more convenient, less burdensome, or less expensive to obtain from than from TrackMan.

11. TrackMan objects to the interrogatories to the extent they are cumulative or duplicative of other discovery requests.

12. TrackMan objects to the interrogatories to the extent they are directed to an overly broad time period.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Provide a detailed computation of Trackman's damages caused by each named-defendants' alleged copyright infringement (direct or secondary liability, as applicable), specifying the amount of damages allegedly caused by each of the SGT Defendants and to each of the GSPro defendants.

**RESPONSE NO. 1:**

TrackMan objects to this interrogatory on grounds that it is unduly burdensome and not proportional to the needs of the case. TrackMan objects to this interrogatory on grounds that it seeks information in the possession, custody, and control of the SGT Defendants, the GSP Defendants, and non-parties. TrackMan objects to this interrogatory on grounds that it prematurely seeks the disclosure of expert opinions and expert discovery.

Subject to and without waiving its general and specific objections, TrackMan answers as follows. TrackMan seeks to recover its actual damages, in accordance with 17 U.S.C. § 504(b). TrackMan may compute its actual damages as the royalty for a license for the SGT Defendants' use of TrackMan's copyrighted works. TrackMan also may compute its actual damages as the economic harm caused by the SGT Defendants' unlawful conduct, including the loss of sales of TrackMan software such as golf simulators and of hardware products such as launch monitors. TrackMan seeks to recover the profits of the SGT Defendants that are attributable to the infringement, in accordance with 17 U.S.C. § 504(b). At present, and without prejudice to its computation of damages after discovery in this case and after the disclosure of the opinions of

3

experts in accordance with Rule 26(a)(2), and without waiver to its attorney work product and other protections against disclosure, TrackMan computes its actual damages in excess of $30 million.  This amount reflects TrackMan's lost profits considering the sales of hardware and software products it otherwise would have made but for the SGT Defendants' and the GSP Defendants' unlawful conduct, for which they are jointly and severally liable.

Certain information relevant to the computation of actual damages and profits attributable to the infringement is in the possession, custody, and control of the SGT Defendants, the GSP Defendants, and non-parties.  With respect to actual damages in the form of lost royalties, TrackMan has not yet had full discovery of the license agreements the SGT Defendants and the GSP Defendants have entered into, and the fees they have received, for comparable uses.  TrackMan also has not yet had discovery of non-parties, such as the Defendants' partners, to ascertain their sales of products enabled by Defendants infringement, which are relevant to the computation of actual damages.  With respect to profits attributable to the infringement, TrackMan has not had full discovery of the SGT Defendants' sales, revenue, costs, and profits associated with their offerings.  Additional discovery is needed for TrackMan to prepare and provide a detailed computation of its damages.  Moreover, the Case Management Plan entered in this case sets forth the dates on which TrackMan is to disclose the opinions of damages experts it has retained.  ECF No. 75, ¶ 4.  TrackMan will provide expert disclosures further setting forth its computation of damages in accordance with Rule 26(a)(2) and the Court-ordered schedule in this case.

**INTERROGATORY NO. 2:**

Provide a detailed computation of Trackman's damages caused by the SGT Defendants' alleged false advertising.

**RESPONSE NO. 2:**

TrackMan objects to this interrogatory on grounds that it is unduly burdensome and not proportional to the needs of the case. TrackMan objects to this interrogatory on grounds that it seeks information in the possession, custody, and control of the SGT Defendants, the GSP Defendants, and non-parties. TrackMan objects to this interrogatory on grounds that it prematurely seeks the disclosure of expert opinions and expert discovery.

Subject to and without waiving its general and specific objections, TrackMan answers as follows. TrackMan seeks to recover the SGT Defendants' profits, the damages sustained by TrackMan, and the costs of the action, in accordance with 15 U.S.C. § 1117. TrackMan may compute the SGT Defendants' profits based on the sales, revenue, cost, and profits attributable to the SGT Defendants' false advertising, as well as the unjust enrichment from their unlawful conduct. TrackMan may compute its actual damages sustained as the financial losses, including lost sales, revenue, and profits, caused by the SGT Defendants' false advertising, including the loss of sales of TrackMan software such as golf simulators and of hardware products such as launch monitors.

Certain information relevant to the computation of the SGT Defendants' profits and TrackMan's damages sustained is in the possession, custody, and control of the SGT Defendants, the GSP Defendants, and non-parties. With respect to the SGT Defendants' profits, TrackMan has not had full discovery of the SGT Defendants' sales, revenue, costs, and profits associated with their offerings. TrackMan also has not yet had discovery of non-parties, such as the Defendants' partners, to ascertain their sales of products enabled by Defendants' false

5

advertising, which are relevant to the computation of actual damages. Additional discovery is needed for TrackMan to prepare and provide a detailed computation of its damages. Moreover, the Case Management Plan entered in this case sets forth the dates on which TrackMan is to disclose the opinions of damages experts it has retained. ECF No. 75, ¶ 4. TrackMan will provide expert disclosures further setting forth its computation of damages in accordance with Rule 26(a)(2) and the Court-ordered schedule in this case.

**INTERROGATORY NO. 3:**

Identify each person deceived or confused by the SGT Defendants' alleged false advertising.

**RESPONSE NO. 3:**

TrackMan objects to this interrogatory on grounds that it is improper and premature under Local Civil Rule 33.3. TrackMan objects to this interrogatory on grounds that it is a premature contention interrogatory. TrackMan objects to this interrogatory on grounds that it is unduly burdensome and not proportional to the needs of the case. TrackMan objects to this interrogatory on grounds that it seeks information in the possession, custody, and control of the SGT Defendants, the GSP Defendants, and non-parties. TrackMan objects to this interrogatory on grounds that it seeks premature expert discovery.

Subject to and without waiving its general and specific objections, TrackMan answers as follows. TrackMan objects to this interrogatory because it is premature under Local Civil Rule 33.3 and because responsive information is in Defendants' possession custody and control. TrackMan further states that the persons deceived or confused by the SGT Defendants' false advertising are persons who viewed the false statements and relied on them when purchasing or using the SGT Defendants and GSP Defendants services and products. Discovery is ongoing

and TrackMan will supplement its response in accordance with the timing set forth under the local rules.

**INTERROGATORY NO. 4:**

Identify each person who contributed to writing the Perfect Golf API.

**RESPONSE NO. 4:**

TrackMan objects to this interrogatory on grounds that it is improper and premature under Local Civil Rule 33.3. TrackMan objects to this interrogatory on grounds that it is unduly burdensome and not proportional to the needs of the case. TrackMan objects to this interrogatory on grounds that "contributed to writing" is vague and undefined.

Subject to and without waiving its general objections, TrackMan answers as follows. Andrew Jones wrote the Perfect Golf API code.

**INTERROGATORY NO. 5:**

Identify the third-parties who licensed pre-written code, as referenced in copyright registrations TX0009168826, TX0009169749, and TX0009169579.

**RESPONSE NO. 5:**

TrackMan objects to this interrogatory on grounds that it is improper and premature under Local Civil Rule 33.3. TrackMan objects to this interrogatory on grounds that it is unduly burdensome and not proportional to the needs of the case. TrackMan objects to this interrogatory on grounds that it seeks information that is not relevant to any claim or defense. TrackMan objects to this interrogatory on grounds that it is duplicative of numerous requests for production, including RFP Nos. 16, 18, 30, 31, 38, and 39 served by the SGT Defendants.

Subject to and without waiving its general and specific objections, TrackMan states that it will produce documents containing responsive information pursuant to Rule 33(d).

**INTERROGATORY NO. 6:**

Identify the "associates" referenced in paragraphs 51-53, 60, 62, 75, 82, and 93 of Trackman's first amended complaint.

**RESPONSE NO. 6:**

TrackMan objects to this interrogatory on grounds that it is improper and premature under Local Civil Rule 33.3. TrackMan objects to this interrogatory on grounds that it is unduly burdensome and not proportional to the needs of the case. TrackMan objects to this interrogatory on grounds that it seeks information that is not relevant to any claim or defense. TrackMan objects to this interrogatory on grounds that it seeks information in the possession, custody, and control of the SGT Defendants, the GSP Defendants, and non-parties.

Subject to and without waiving its general and specific objections, TrackMan answers as follows. Based on the information TrackMan has received to date in discovery, the "associates" who assisted in the development of GSPro, used TrackMan's software in connection with GSPro, and participated in the unlawful conduct with respect to GSPro include without limitation Brian Evans and Chad Cooke. The "associates" who assisted in the development of SGT, used TrackMan's software in connection with SGT, and participated in the unlawful conduct with respect to SGT include without limitation Davor Bogavac, Chad Cooke, Rick Bedard, Vance Vongphakdy, and Tim McNaughton. Discovery is ongoing, and TrackMan will supplement its response in accordance with Rule 26(e).

Dated: February 18, 2025

GOODWIN PROCTER LLP

By: /s/ Stefan Mentzer
    Stefan Mentzer
    Scott. T. Weingaertner
    Timothy Keegan
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel. + 1 212 813 8800
smentzer@goodwinlaw.com
sweingaertner@goodwinlaw.com
tkeegan@goodwinlaw.com

*Counsel for TrackMan, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 18, 2025, I caused the foregoing document to be served on all counsel of record via email.

                                                   By:  /s/ Timothy Keegan
                                                          Timothy Keegan