# EXHIBIT B

**Strassman, Ruby**

| | |
|---|---|
| **From:** | Choi, Eunbi <eunbichoi@goodwinlaw.com> |
| **Sent:** | Wednesday, May 7, 2025 2:27 PM |
| **To:** | Strassman, Ruby |
| **Cc:** | Decter, Caren; Goldman, Jeremy S.; Jordan Greenberger; Valeria Castanaro Gallota; DG-TrackMan |
| **Subject:** | RE: TrackMan v. GSP - service of ESI disclosures |

⊘ External email ›

Ruby,

We continue to disagree that Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen should be added as ESI custodians.

Your note does not address why their ESI is needed in addition the ESI being collected from Andrew Jones, Mike Jones, and Jakob Munk. As noted, Mr. Munk verified the interrogatory response setting forth the preliminary $30 million damages amount. In addition, TrackMan already agreed to produce documents relating to damages, including financial documents. The GSP Defendants have not shown a need for additional ESI.

Courts have extended the principles of the apex doctrine to custodial designations where there is no showing that the senior executive has unique, non-cumulative information. Courts in this District have rejected requests to add senior executives as custodians based solely on speculation that their ESI may yield relevant information. *See e.g.*, *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank*, *N.A.*, 2017 WL 2305398, at *3 (S.D.N.Y. 2017); *see also Assured Guar. Mun. Corp. v. UBS Real Estate Securities Inc.*, 2013 WL 1195545 (S.D.N.Y. 2013) (declining to compel collection from senior executives absent a showing that they were likely to have non-cumulative information or "extensive exhibits" supporting relevance). "[M]ere membership on a particular committee is not sufficient, by itself, to justify designation as a custodian whose files must be reviewed." *Id.* (citing *United States ex rel. McBride v. Halliburton Co.*, 272 F.R.D. 235, 240-41 (D.D.C. 2011); *see Elsai Inc. v. Sanofi-Aventis U.S.,LLC*, 2012 WL 1299379, at *9 (D.N.J. April 16, 2012)).

*Oakley* is distinguishable. The court there permitted a limited search only after finding the executive was a direct eyewitness to the incident at issue. *Oakley v. MSG Networks, Inc.*, 2024 WL 413903, at *3-4 (S.D.N.Y. Sep. 10, 2024). That is not the case here.

TrackMan maintains its position that adding Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen as ESI custodians is not warranted.

Regards,
Eunbi

**Eunbi Choi**
*she/her/hers*



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 917 229 7833
f  +1 212 355 3333
eunbichoi@goodwinlaw.com

1

**From:** Strassman, Ruby <RStrassman@fkks.com>
**Sent:** Monday, May 5, 2025 6:43 PM
**To:** Choi, Eunbi <eunbichoi@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>; Mentzer, Stefan <SMentzer@goodwinlaw.com>; Weingaertner, Scott T <SWeingaertner@goodwinlaw.com>
**Cc:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>; DG-TrackMan <DG-TrackMan@goodwinlaw.com>
**Subject:** RE: TrackMan v. GSP - service of ESI disclosures

***EXTERNAL***
Hi Eunbi,

**RE: Perfect Parallel Emails and Discussion Forum**
Thank you for confirming that TrackMan will be collecting ESI from both Andrew Jones and Mike Jones' Perfect Parallel email accounts. We will await your further update regarding their use of the private messaging feature of the Perfect Parallel Discussion Forum.

**RE: TrackMan Executive ESI Sources**
The apex doctrine does not bar document discovery from Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen. Instead, the apex doctrine provides a "safeguar[d]" for executives from ***depositions*** absent the requisite showing. *Shiber v. Centerview Partners LLC*, 2023 WL 3071554, *3 (S.D.N.Y. Apr. 25, 2023); *see also Chevron Corp. v. Donziger*, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) ("Because of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to ***depose*** high-ranking corporate and government officials[.]") (emphasis added).

The GSP Parties are not seeking Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen's depositions at this time. Rather, we are seeking their documents and communications concerning TrackMan's claims that GSPro's alleged infringement cost TrackMan $30 million in lost sales—or any other materials concerning the GSP Defendants or their software. The apex doctrine does not shield such relevant documents or communications from discovery just because they are in the possession of senior leadership. *See e.g. Dyson, Inc. v. Sharkninja Operating LLC,* 2016 WL 1613489, at *1-2 (N.D. Ill. Apr. 22, 2016) (finding that the apex doctrine does not extend to shielding a party from producing relevant emails). Rather, courts routinely order the search for documents and communications of executives where they may possess relevant information. *See e.g. Oakley v. MSG Networks, Inc.*, 2024 WL 413903, at *3-4 (S.D.N.Y. Sep. 10, 2024) (ordering limited searches of MSG CEO's emails on topics that he "likely ha[d] relevant information[.]").

As explained in our previous email, if Trackman in fact suffered such significant losses, one would expect that these losses, and our client, would be discussed by TrackMan's senior leadership. To the extent no such discussions took place, that is equally relevant and we are entitled to know that. The apex doctrine is not a proper basis to refuse to search for this discovery, which is both limited in scope and highly relevant to TrackMan's claimed damages.

In any event, it seems that the parties are at impasse on this issue. We believe our email correspondence satisfies our Local Rule 37 obligation to meet and confer, but if you would like to discuss the matter further before we seek relief from the Court, please let me know and we can schedule a call.

**Ruby Strassman** | Frankfurt Kurnit Klein & Selz PC
2029 Century Park East Suite 2500N | Los Angeles, CA 90067
t: 310-579-9657 | RStrassman@fkks.com

*Frankfurt Kurnit Klein & Selz Disclaimer*

*This e-mail message, including any attachments hereto, is intended solely for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any use, disclosure, copying or distribution of this e-mail message or the attached files by anyone other than the intended recipient is strictly prohibited and may be subject to legal restriction or sanction. If you have received this e-mail message in error, please notify the sender by reply e-mail or call to (212) 980-0120 and delete this e-mail message and attached files from your system. Thank you.*

**From:** Choi, Eunbi <eunbichoi@goodwinlaw.com>
**Sent:** Thursday, May 1, 2025 7:40 AM
**To:** Strassman, Ruby <RStrassman@fkks.com>
**Cc:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>; DG-TrackMan <DG-TrackMan@goodwinlaw.com>
**Subject:** RE: TrackMan v. GSP - service of ESI disclosures


Hi Ruby,

1. **Perfect Parallel ESI.** TrackMan is collecting ESI from Andrew Jones and Mike Jones's Perfect Parallel email accounts.

2. **Additional ESI Custodians.** TrackMan already agreed to produce documents relating to damages, including financial documents, in addition to its custodial ESI collection. TrackMan also is providing custodial ESI for Jakob Munk, who verified the interrogatory answer containing the preliminary $30m damages amount. There is no basis to seek additional custodial ESI for Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen, who are senior executives at Plaintiff's parent company TrackMan A/S. Under the apex doctrine, discovery from individuals in such roles is disfavored absent a showing that they have "unique evidence, personal knowledge of the claims at issue" that cannot be obtained from other sources. *Shiber v. Centerview Partners LLC*, 2023 WL 3071554, at *3 (S.D.N.Y. Apr. 25, 2023) (citing *Harapeti v. CBS Television Stations Inc.*, 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021)). Defendants have made no such showing, much less any showing for why there is a need to collect custodial ESI from Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen.

5. **Perfect Parallel Discussion Forum.** We are investigating whether Andrew Jones or Mike Jones used the private messaging feature on the Perfect Parallel discussion forum and will follow up.

Regards,
Eunbi


**Eunbi Choi**
*she/her/hers*



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 917 229 7833
f  +1 212 355 3333
eunbichoi@goodwinlaw.com


**From:** Strassman, Ruby <RStrassman@fkks.com>
**Sent:** Friday, April 25, 2025 5:53 PM
**To:** Choi, Eunbi <eunbichoi@goodwinlaw.com>

**Cc:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>; DG-TrackMan <DG-TrackMan@goodwinlaw.com>
**Subject:** RE: TrackMan v. GSP - service of ESI disclosures

***EXTERNAL***
Hi Eunbi,

Following up on your responses to our questions regarding TrackMan's ESI disclosures and sources:

1. **Perfect Parallel ESI** – You state: "We also are looking into the feasibility of collecting from Andrew Jones and Mike Jones's Perfect Parallel email accounts." Please confirm whether Andrew Jones' and Mike Jones' Perfect Parallel email accounts exist in any form. Because the code at issue was developed and released in the 2014-2016 time period, the email communications from that period likely contain relevant information concerning the authorship, ownership, and licensing of Perfect Golf, Course Forge, and the API software.

2. **Additional ESI Custodians –** TrackMan claims that GSPro's alleged infringement cost TrackMan $30 million in lost sales. Financial news of this magnitude would be expected to reach the company's senior leadership. If Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen have documents or communications concerning these alleged losses—or any other materials concerning the GSP Defendants or their software (i.e. search strings 1 and 2 in our March 31st search term proposal)—they need to be collected and produced. Just as importantly, if these high-ranking executives have *no* documents or communications concerning the $30 million loss or our client, we need a confirmation of that fact.

5. **Perfect Parallel discussion forum -** You state that the Perfect Parallel discussion forum had a private messaging feature but that it was rarely used. Please confirm whether Andrew Jones or Mike Jones used the private messaging feature. If they did, their private messages should be included in the searches, which is consistent with our agreement to search across all of Mr. Bogavac's private messages on Discord.

We kindly ask that you provide us answers to the above by April 30th.

Thank you,
Ruby

**Ruby Strassman** | Frankfurt Kurnit Klein & Selz PC
2029 Century Park East Suite 2500N | Los Angeles, CA 90067
t: 310-579-9657 | RStrassman@fkks.com

*Frankfurt Kurnit Klein & Selz Disclaimer*

*This e-mail message, including any attachments hereto, is intended solely for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any use, disclosure, copying or distribution of this e-mail message or the attached files by anyone other than the intended recipient is strictly prohibited and may be subject to legal restriction or sanction. If you have received this e-mail message in error, please notify the sender by reply e-mail or call to (212) 980-0120 and delete this e-mail message and attached files from your system. Thank you.*

**From:** Choi, Eunbi <eunbichoi@goodwinlaw.com>
**Sent:** Wednesday, April 16, 2025 8:30 AM
**To:** Strassman, Ruby <RStrassman@fkks.com>
**Cc:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>; DG-TrackMan <DG-

TrackMan@goodwinlaw.com>
**Subject:** RE: TrackMan v. GSP - service of ESI disclosures

Hi Ruby,

Responding to your earlier email about ESI:

1. **Perfect Parallel ESI**. Yes, TrackMan's ESI pre-dates the 2018 Perfect Parallel acquisition. TrackMan is collecting and producing non-custodial ESI, which includes Perfect Parallel source code and technical documents, that dates back to the development of Perfect Parallel. Andrew Jones's ESI also dates back to 2017. Jakob Munk's ESI dates back to 2018, which is when he joined TrackMan (he did not previously work for Perfect Parallel). Mike Jones's ESI dates back to 2017, which is also when he joined TrackMan. We also are looking into the feasibility of collecting from Andrew Jones and Mike Jones's Perfect Parallel email accounts.

2. **Additional ESI custodians**. As we noted earlier this week, TrackMan has agreed to add Mike Jones as an ESI custodian. TrackMan disagrees, however, that Mr. Eldrup-Jorgensen, Mr. Tuxen, and Mr. Jorgensen should be ESI custodians. They are high-ranking executives at TrackMan's Danish parent company, and none has worked for Perfect Parallel. Defendants have not provided any basis or explanation for why their ESI should be collected.

3. **Messaging platforms**. TrackMan does not use any messaging platform including text messages for business other than Microsoft Teams (which is an ESI source TrackMan is collecting). Andrew Jones did not send or use Discord in relation to TrackMan or Perfect Parallel's business.

4. **Source code repository**. TrackMan maintains the source code for Perfect Parallel on Azure, which is the sole source code repository for Perfect Parallel. Perfect Parallel's source code previously was hosted on GitHub but was moved to Azure years ago. Nothing is being excluded from the collection and search.

5. **Perfect Parallel discussion forum**. This forum is publicly available. TrackMan will, of course, preserve it, but consistent with Defendants' positions in this litigation, the forum is not uniquely in TrackMan's possession, custody, and control. Defendants insisted that TrackMan collect their Discord channels, which TrackMan has done at considerable expense. Accordingly, Defendants should undertake any collection of this public forum themselves. We further note that the forum has a private messaging feature, but that was rarely used; Perfect Parallel used the forum primarily to post public announcements. That said, TrackMan will continue to investigate and follow up.

Regards,
Eunbi

**Eunbi Choi**
*she/her/hers*



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 917 229 7833
f  +1 212 355 3333
eunbichoi@goodwinlaw.com

**From:** Keegan, Timothy <TKeegan@goodwinlaw.com>
**Sent:** Monday, April 14, 2025 11:06 AM
**To:** Strassman, Ruby <RStrassman@fkks.com>
**Cc:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>; DG-TrackMan <DG-TrackMan@goodwinlaw.com>; Choi, Eunbi <eunbichoi@goodwinlaw.com>
**Subject:** RE: TrackMan v. GSP - service of ESI disclosures

Hi Ruby,

TrackMan agrees to add Mike Jones as an ESI custodian.  TrackMan identifies Mike Jones's TrackMan email account and TrackMan Microsoft Teams messages as custodial sources.

We will follow up regarding your other asks below.

Regards,
Tim

**Timothy Keegan**



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7022
f   +1 212 355 3333
TKeegan@goodwinlaw.com



---

**From:** Choi, Eunbi <eunbichoi@goodwinlaw.com>
**Sent:** Monday, March 31, 2025 10:31 AM
**To:** Strassman, Ruby <RStrassman@fkks.com>
**Cc:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>; DG-TrackMan <DG-TrackMan@goodwinlaw.com>
**Subject:** RE: TrackMan v. GSP - service of ESI disclosures

Hi Ruby – This is received.  We're reviewing with our client and will follow up.

Regards,
Eunbi

**Eunbi Choi**
*she/her/hers*



Goodwin Procter LLP
The New York Times Building

620 Eighth Avenue
New York, NY 10018
o +1 917 229 7833
f +1 212 355 3333
eunbichoi@goodwinlaw.com

---

**From:** Strassman, Ruby <RStrassman@fkks.com>
**Sent:** Wednesday, March 26, 2025 7:55 PM
**To:** Choi, Eunbi <eunbichoi@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>; Mentzer, Stefan <SMentzer@goodwinlaw.com>; Weingaertner, Scott T <SWeingaertner@goodwinlaw.com>
**Cc:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>
**Subject:** RE: TrackMan v. GSP - service of ESI disclosures

***EXTERNAL***
Counsel,

After reviewing TrackMan's ESI disclosures, we would like to confirm the following:

1) Please confirm that TrackMan's ESI sources include all of Perfect Parallel's ESI Sources. TrackMan's disclosures only reference TrackMan sources (e.g. "TrackMan email account" and "TrackMan Microsoft Teams Account"). Many of the relevant documents, communications, and source code in this case are likely to pre-date TrackMan's acquisition of Perfect Parallel. However, it is unclear whether Perfect Parallel ESI sources are included in TrackMan's disclosures. Please confirm that they are.

2) We are surprised that TrackMan has only identified two ESI custodians. Based on our knowledge of the facts and circumstances relevant to this case, we believe that at least the following individuals (if not others as well) may have relevant ESI and should be included as custodians:

    - Mike Jones (Lead Developer of Trackman 3-D golf graphics, and formerly the Creative Director of Perfect Parallel)
    - Klaus Eldrup-Jorgensen (Founder and CEO)
    - Fredrik Tuxen (Co-founder and CTO)
    - Nikolaj Kromann Jorgensen (Vice CEO)

    Please confirm that TrackMan will designate the above individuals, and any other individuals who may have relevant ESI, as additional ESI custodians.

3) Please confirm that no other messaging platforms (including text messages) are used by TrackMan's ESI custodians for business purposes. For example, we understand that Andrew Jones has or had a Discord account that he used to communicate with Perfect Golf users. Please identify any other messaging platforms (and related usernames) used for business purposes by TrackMan ESI custodians.

4) TrackMan's disclosures identify "source code repository" as a non-custodial source. This is a generic description that does not identify the actual location of TrackMan's source code. Please identify the specific source code repository that TrackMan uses to store versions of the source code for Perfect Golf, Course Forge, and the API Data Structures.

5) Upon review of the Perfect Parallel discussion forum, we believe that it contains relevant ESI and therefore should be listed as an additional ESI source. Please confirm that TrackMan will do so. Additionally, please confirm whether the Perfect Parallel discussion forum allows for private messaging between users. For

example, we can see that Andrew Jones posted publicly in the forum, but it is unclear whether he could communicate privately with other forum users.

Thank you,
Ruby

**Ruby Strassman** | Frankfurt Kurnit Klein & Selz PC
2029 Century Park East Suite 2500N | Los Angeles, CA 90067
t: 310-579-9657 | RStrassman@fkks.com

*Frankfurt Kurnit Klein & Selz Disclaimer*

*This e-mail message, including any attachments hereto, is intended solely for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any use, disclosure, copying or distribution of this e-mail message or the attached files by anyone other than the intended recipient is strictly prohibited and may be subject to legal restriction or sanction. If you have received this e-mail message in error, please notify the sender by reply e-mail or call to (212) 980-0120 and delete this e-mail message and attached files from your system. Thank you.*

**From:** Choi, Eunbi <eunbichoi@goodwinlaw.com>
**Sent:** Monday, March 17, 2025 3:22 PM
**To:** Decter, Caren <cdecter@fkks.com>; Goldman, Jeremy S. <jgoldman@fkks.com>; Strassman, Ruby <RStrassman@fkks.com>; Jordan Greenberger <jg@firegreenlaw.com>; Valeria Castanaro Gallota <vc@firegreenlaw.com>
**Cc:** Mentzer, Stefan <SMentzer@goodwinlaw.com>; Weingaertner, Scott T <SWeingaertner@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Subject:** TrackMan v. GSP - service of ESI disclosures

Counsel,

Attached for service please find TrackMan's ESI Disclosures pursuant to Paragraph 3 of the Order Regarding Electronic Discovery.

Regards,
Eunbi

**Eunbi Choi**
*she/her/hers*



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 917 229 7833
f  +1 212 355 3333
eunbichoi@goodwinlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*