

Stefan Mentzer
+1 212 459 7088
SMentzer@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018

goodwinlaw.com
+1 212 813 8800

**BY ECF**

June 27, 2025

Hon. Naomi Reice Buchwald
United State District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Re:*     *TrackMan, Inc. v. GSP Golf AB, et al.*, No. 1:23-cv-598-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of plaintiff TrackMan, Inc. ("Plaintiff") in response to the GSP Defendants' June 24, 2025 letter (ECF No. 90) requesting a pre-motion conference. Plaintiff opposes the GSP Defendants' request for additional searches of electronically stored information ("ESI").

### 1.  Background

Plaintiff is based in the United States. Its parent company, Denmark-based TrackMan A/S, is not a party. The GSP Defendants ask the Court to compel a search of the emails of three senior executives of TrackMan A/S: Chief Executive Officer Klaus Eldrup-Jørgensen, Chief Technical Officer Fredrik Tuxen, and Vice Chief Executive Officer Nikolaj Kromann Jørgensen.

The GSP Defendants ask the Court to order a search of the emails of these Danish TrackMan A/S executives using the keyword "GSPro." GSPro is the name of the software that Plaintiff alleges is infringing. This is the first time the GSP Defendants have proposed a search of these individuals' emails for just this search term. In the parties' prior discussions, the GSP Defendants did not propose a single-keyword email search. Rather, they asked that TrackMan add the three TrackMan A/S executives as custodians under the ESI protocol and to run numerous search terms on their ESI sources. ECF No. 90-2. Plaintiff refused.

Discovery is underway. To date, Plaintiff has produced approximately 24,500 of its own documents and expects to produce several thousand more shortly. These documents include ESI from the following three custodians with direct knowledge facts relevant to the claims in this case:

- **Andrew Jones**, Head of Perfect Parallel. Mr. Jones co-developed the Perfect Golf software that GSPro infringes.



June 27, 2025
Page 2

- **Mike Jones**, 3D Golf Graphics Lead.  Mr. Jones co-developed the Perfect Golf software that GSPro infringes.

- **Jakob Munk**, Product Lead, Head of Product.  Mr. Munk is involved in Plaintiff's business strategies for indoor golf products and market expansion, including product innovation, customer retention, and global revenue growth.

Plaintiff disclosed these individuals and collected their ESI in accordance with the agreed protocol in this case.  ECF No. 85.  In addition, Plaintiff's Rule 26 initial disclosures identify these individuals as persons on whose testimony it may rely.

**2.   There is no justification for ESI searches of senior executives of Plaintiff's non-party parent**

The Court should deny the GSP Defendants' request.

*First*, the GSP Defendants have given no valid reason why they are entitled to ESI searches of senior executives of Plaintiff's Denmark-based parent.  Mandating such discovery is unnecessarily burdensome and not proportional to the needs of the case.

The GSP Defendants argue that their request is relevant to damages.  Plaintiff previously disclosed, in an answer to an interrogatory, a preliminary estimate of the damages it suffered as a consequence of the infringement.  Plaintiff answered the interrogatory without the benefit of full discovery on damages and before the disclosure of its damages expert report, which is due on November 21, 2025.  The GSP Defendants surmise that the preliminary damages estimate in the interrogatory answer "would have been discussed at the highest levels of the company."  ECF No. 90, at 2.  That is speculation and not enough to compel an ESI search of senior executives.  *See Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank N.A.*, 2017 WL 2305398, at *3 (S.D.N.Y. 2017) (that a senior executive's position "might increase the relevance of [the executive's] files is not a basis for designating [that person] as a custodian"); *Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc.*, 2013 WL 1195545, at *3 (S.D.N.Y. 2013) (declining to compel collection from senior executives absent a showing that they were likely to have non-cumulative information or "extensive exhibits" supporting relevance).  Nor have the GSP Defendants explained why a search of Plaintiff's non-party overseas parent is justified.  It is not.

*Oakley*, which the GSP Defendants cite, is inapposite.  There, the executive, New York Knicks owner James Dolan, was a firsthand witness to the incident and the only person who could testify on key factual issues, including whether he gave a signal to security to remove the plaintiff from the venue, Madison Square Garden, and what that signal meant.  *Oakley v. MSG Networks, Inc.,* 2024 WL 4134903, at *3 (S.D.N.Y. 2024).  That is nothing like here.

*Second*, the GSP Defendants' sole justification for the ESI searches is their purported relevance to damages, but Plaintiff already has agreed to produce, and is producing, documents relevant to damages.

 GOODWIN

June 27, 2025
Page 3

To be clear, Plaintiff has not confined its production to custodial ESI. It also expects to produce documents concerning sales, financial projections, business strategy, marketing strategy, lost sales, and lost profits associated with the products at issue in this case.

Plaintiff also is producing ESI of three custodians who have substantial knowledge of relevant facts (as noted above). This includes the ESI of Jakob Munk, who verified Plaintiff's interrogatory answers, including the answer containing the preliminary damages estimate that is the purported justification for the GSP Defendants' request. The documents produced from Mr. Munk's files include business planning and analysis materials and marketing presentations, which bear on damages.

*          *          *

Plaintiff has provided ample discovery in this case. It has produced approximately 24,500 of its own documents to date, and it expects to produce additional documents. By contrast, the GSP Defendants have produced *only 229 documents* to date. Plaintiff has been more than forthcoming with discovery. Further, speculative ESI searches—especially of executives of it non-party parent company—are unnecessary, unjustified, unduly burdensome, and not proportional to the needs of the case.

For these reasons, TrackMan opposes Defendants' request for additional ESI searches.

Respectfully,

Stefan Mentzer

cc:    Counsel of record