

Stefan Mentzer
+1 212 459 7088
SMentzer@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018

goodwinlaw.com
+1 212 813 8800

**BY ECF**

July 3, 2025

Hon. Naomi Reice Buchwald
United State District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Re:    TrackMan, Inc. v. GSP Golf AB, et al., No. 1:23-cv-598-NRB (S.D.N.Y.)*

Dear Judge Buchwald:

I write on behalf of plaintiff TrackMan, Inc. ("Plaintiff") in response to the SGT Defendants' June 30, 2025 letter (ECF No. 92). The Court should deny the SGT Defendants' request for ESI searches of senior executives of Plaintiff's Denmark-based parent TrackMan A/S, a non-party.

### 1. Background

The SGT Defendants seek to "join" the request by the GSP Defendants (ECF No. 90) for ESI searches of TrackMan A/S senior executives. ECF No. 92 at 1. The GSP Defendants have asked that Plaintiff search the emails of these executives for the term "GSPro." The SGT Defendants now ask that Plaintiff also search for the terms "SGT" and "Cooke." *Id.*

### 2. Plaintiff did not agree to run ESI searches on TrackMan A/S executives

As an initial matter, the SGT Defendants' letter request mischaracterizes the parties' prior correspondence. Plaintiff never agreed to collect and search the ESI of TrackMan A/S senior executives. Rather, after the GSP Defendants filed their letter with the Court, Plaintiff emailed them that the GSP Defendants had not previously asked Plaintiff to run the specific searches they now are asking the Court to order. The point was to note that the GSP Defendants' letter to the Court was premature and the parties should have discussed the request before raising a dispute with the Court. To be clear, Plaintiff never agreed, and does not agree, to run the searches that the GSP and SGT Defendants now demand.

### 3. The SGT Defendants have not shown good cause for their request

The SGT Defendants must show good cause for the ESI searches they seek. They have failed to do so.



July 3, 2025
Page 2

The ESI protocol ordered by the Court requires the parties to meet and confer in good faith to resolve any disputes arising under the protocol before filing a motion or otherwise seeking relief from the Court. ECF No. 85 §§ 3(c), 4(b).  Pursuant to the protocol, Plaintiff disclosed two ESI custodians on March 17, 2025, Andrew Jones and Jakob Munk.  At the GSP Defendants' request, Plaintiff later added a third custodian, Mike Jones.  The parties then negotiated searches to be run on these custodians' files.  The SGT Defendants never raised any objection to Plaintiff's disclosure of its three ESI custodians during the weeks that the parties set aside under the ESI protocol to raise and resolve any disputes, and they did not ask for additional custodians.  Because the SGT Defendants did not timely raise objections and confer on them during the period set in the protocol, the SGT Defendants now must show "good cause" for the additional searches they seek.  *Id.* § 4(b).

There is no good cause.

The SGT Defendants assert that searches for "SGT" and "Cooke" relate to damages, but they do not explain, in light of Plaintiff's extensive production including of custodial ESI, why good cause exists to require additional ESI searches, much less searches of senior executives of Plaintiff's Danish parent company, a non-party.  There is no basis under Rule 26 for the discovery sought, and there certainly is no good cause under the ESI protocol.  Plaintiff's June 27, 2025 letter to the Court (ECF No. 91 at 2-3) explained that it already has produced ample discovery relating to damages, including ESI from a custodian who verified the interrogatory answer giving a preliminary estimate of damages.  Plaintiff anticipates producing additional documents concerning sales, financial projections, business strategy, marketing strategy, lost sales, and lost profits.  The additional searches requested do not target uniquely relevant material.  That Plaintiff's parent company is discussed in the operative complaint, and that Plaintiff has reserved its right to supplement its Rule 26 initial disclosures, provide no basis for the ESI searches that the SGT Defendants now seek.  They also do not explain the SGT Defendants' delay in raising its request for additional ESI searches.

The SGT Defendants assume that "it does not appear to be too burdensome" (ECF No. 92 at 2) to run additional searches, but that is not the case.  There is a substantial burden to collect, search, review, and produce emails for three senior executives of a non-party parent company whose ESI was not previously collected.  Presumably the SGT Defendants seek these emails over a nearly-decade long time period.  The burden must be considered in light of the extensive ESI and other discovery Plaintiff already has produced (3 ESI custodians searched and 32,000 documents produced to date, with more relevant documents to be produced) and in comparison to the GSP and SGT Defendants' own collection and production efforts (1 ESI custodian searched for each, and approximately 24,000 documents collectively produced).  The request is unduly burdensome, not proportional to the needs of the case, and should be denied.

For these reasons, Plaintiff opposes the SGT Defendants' request for additional ESI searches.



July 3, 2025
Page 3

Respectfully,

Stefan Mentzer

cc:    Counsel of record