UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRACKMAN, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>GSP GOLF AB d/b/a GSPRO, DAVOR BOGAVAC, SIMULATORGOLFTOUR LLC, and CHAD COOKE,<br><br>　　　　　　　Defendants.<br><br>GSP GOLF AB d/b/a GSPRO, DAVOR BOGAVAC, SIMULATORGOLFTOUR LLC, and CHAD COOKE,<br><br>　　　　　　　Counterclaim Plaintiffs,<br><br>　　　　v.<br><br>TRACKMAN, INC.,<br><br>　　　　　　　Counterclaim Defendant. | Case No. 1:23-cv-598-NRB |

**[PROPOSED] AMENDED STIPULATED SOURCE CODE REVIEW PROTOCOL**

WHEREAS, Plaintiff and Counterclaim Defendant TrackMan, Inc. ("TrackMan"), Defendants and Counterclaim Plaintiffs GSP Golf AB d/b/a GSPro and Davor Bogavac (together, the "GSP Parties"), and SimulatorGolfTour LLC and Chad Cooke (together, the "SGT Parties"), (each a "Party" and collectively, the "Parties") understand that they may need to produce, or otherwise make available for inspection or review, in the course of this litigation, confidential or proprietary software materials, including but not limited to source code, software project files, and other technical components (collectively, and for ease, "source code");

1

WHEREAS, the Parties believe that good cause exists to set forth the process for making available and reviewing and source code to provide sufficient protection for the Parties' confidential or proprietary source code, and have discussed the terms of an appropriately tailored source code review protocol;

WHEREAS, the Parties agreed under ¶ 1(e) of the Stipulated Protective Order (ECF No. 80) to promptly negotiate, in good faith, terms governing how "Highly Confidential – Source Code" material will be made available and reviewed, and will seek to submit to the Court a separate proposed stipulated order reflecting such terms;

WHEREAS, the Parties agree upon the terms of, and the Court has found that good cause exists to issue, this source code review protocol (the "Protocol");

NOW, THEREFORE, it is hereby ORDERED that the following restrictions and procedures will apply to production, inspection, and review of source code in this action.

1. To the extent the production of source code becomes necessary in this case, a Producing Party may designate source code as "Highly Confidential – Source Code" under the Stipulated Protective Order (ECF No. 80) if it comprises or includes confidential, proprietary, or trade secret source code.

2. Unless otherwise defined, the definitions in this Protocol will be the same as in the Stipulated Protective Order (ECF No. 80). In addition, for purposes of this Protocol, the following definitions apply:

    a. "Local Review Machine" means a secure computer provided by the Vendor for source code inspection, configured as described in this Protocol.

    b. "Source Code Qualified Persons" has the meaning set forth in this Protocol.

    c. "Vendor" has the meaning set forth in this Protocol.

3. Unless otherwise ordered by the Court or agreed in writing by the Producing Party, access to source code designated "Highly Confidential – Source Code" will be limited to the following individuals ("Source Code Qualified Persons"). Nothing in this Protocol prevents a Producing Party from disclosing its own source code to its employees, contractors, experts, or other persons.

    a. Outside Counsel of Record in this action, their necessary litigation support staff, and Vendor;

    b. Court personnel, including stenographers, videographers, and court reporters engaged for depositions, hearings, or trial;

    c. Experts or consultants retained for this action and their support staff, provided they have signed the required undertakings under the Stipulated Protective Order;

    d. Party and Third-party witnesses during depositions, hearings, or trial, where the witness is shown to have authored, received, or otherwise had lawful access to the source code at issue;

    e. Any other person to whom the Producing Party expressly consents in writing.

4. Any source code produced in discovery will be made available for inspection in a format through which it can be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed, including by making source code available for review by remote means.

    a. The parties will enable reasonably convenient source code review by the Receiving Party and any experts by remote means.

b.        The parties will work through a third-party vendor ("Vendor") to provide secure Local Review Machines configured solely for source code review. The Local Review Machines will: (1) have no internet access, (2) disable all USB, screenshot, screen sharing, and copy/paste functions; (3) permit videoconference monitoring by the Vendor solely to ensure no unauthorized copying or other improper activity; and (4) be accessible only to Source Code Qualified Persons. Each side will receive a Local Review Machine (but no more than two per party) to allocate to their expert. The Local Review Machines will have installed on them the following software: Understand (Understand: The Software Developer's Multi-Tool), Notepad++ (Downloads | Notepad++), Cygwin (Cygwin), Unity (Unity), Visual Studio Code (Visual Studio), Beyond Compare 4 (BC4), dtSearch (dtSearch), PowerGrep, Open Office or Microsoft Office, Adobe Reader, CodeSuite, 7-Zip, Git and Subversion, and any other utilities or software intended for comparing source code, as reasonably requested by the Requesting Party or its experts.

c.        The SGT Parties reserve the right to request from TrackMan or the Court that Source Code Qualified Persons be permitted to copy the CodeMatch database onto another drive and connect that drive to a network connected computer in order to run SourceDetective.

d.        The Vendor will monitor source code use during review sessions. If the Vendor observes or reasonably suspects any improper activity, including unusual screen activity, attempts to insert external devices (e.g., USB drives), or other conduct inconsistent with this Protocol or Vendor's normal operating procedure, the Vendor will immediately restrict access to the Source Code and notify the reviewer. The Vendor will then promptly provide a report of the incident, whether ultimately confirmed or determined to be a "false alarm," to all counsel of record. If an incident is reasonably confirmed as improper activity, the Vendor will continue to restrict access, notify counsel, and the Parties will meet and confer within three (3) business days

of receiving the Vendor's report; in such event the Vendor will re-allow access upon written consent of counsel of record for all parties or court-order. If the incident is a false alarm, the Vendor will log the incident and circulate a summary report to counsel, and the reviewer's access will no longer be restricted.

5. The Receiving Party may request from the Producing Party paper copies of portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but will not request paper copies for the purposes of reviewing the source code other than electronically as set forth in this Protocol. Absent further agreement or leave of the Court, the Receiving Party may request no more than 500 pages total of printed source code, and no more than 25 consecutive pages from any one file. For purposes of this limit, a "page" is defined as no more than 60 lines of code. These limits may be adjusted by agreement of the Parties or upon a showing of good cause to the Court. All printouts will include the full file path in the header/footer to identify their location in the source tree. The Producing Party will provide all such source code in paper form including bates numbers and the label "Highly Confidential – Source Code." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in the Stipulated Protective Order.

6. The Receiving Party or Vendor will maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party will maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party will not create any electronic or other images of the paper copies and will not convert any of the information contained in the paper copies into any electronic format. The Receiving Party will only make additional paper copies if such additional copies are (a) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report);

(b) necessary for deposition; or (c) otherwise necessary for the preparation of its case. Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

SO STIPULATED AND AGREED.

Dated: October 1, 2025

| GOODWIN PROCTER LLP | FRANKFURT KURNIT KLEIN & SELZ, P.C. |
|---|---|
| By: /s/Stefan Mentzer<br>    Stefan Mentzer<br>    Scott. T. Weingaertner<br>    Timothy Keegan<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel. + 1 212 813 8800<br>smentzer@goodwinlaw.com<br>sweingaertner@goodwinlaw.com<br>tkeegan@goodwinlaw.com<br><br>*Attorneys for Plaintiff and Counterclaim-Defendant TrackMan, Inc.* | By: /s/Jeremy S. Goldman<br>    Caren Decter<br>    Jeremy S. Goldman<br>28 Liberty Street, 35th Floor<br>New York, New York 10005<br>Tel. +1 212 980 0120<br>cdecter@fkks.com<br>jgoldman@fkks.com<br><br>*Attorneys for Defendants and Counterclaim-Plaintiffs GSP Golf AB and Davor Bogavac* |
| | FIRESTONE GREENBERGER PLLC<br><br>By: /s/Jordan Greenberger<br>    Jordan Greenberger<br>    Valeria Castanaro<br>104 W. 40th St., 4th Fl.<br>New York, NY 10018<br>Tel. + 1 212 597 2255<br>jg@firegreenlaw.com<br>vc@firegreenlaw.com<br><br>*Attorneys for Defendants and Counterclaim-Plaintiffs SimulatorGolfTour LLC and Chad Cooke* |

SO ORDERED.

Dated: _____, 2025

                                                                   _____
                                                                   Hon. Naomi Reice Buchwald
                                                                   United States District Judge