November 11, 2025

104 West 40th Street, 4th Floor
New York, NY 10018

(212) 597-2255
firegreenlaw.com

Jordan Greenberger, Esq.
jg@firegreenlaw.com

**FIRESTONE GREENBERGER**

VIA ECF
Hon. Naomi Reice Buchwald
U.S. District Court, S.D.N.Y.

                Re:    *TrackMan, Inc. v. GSP Golf AB, et al.*, No. 1:23-cv-598

Your Honor,

      I represent defendants Chad Cooke and SimulatorGolfTour LLC (together, the "SGT Defendants"). In accordance with instructions we received from chambers and the service/filing timing provisions of Fed. R. Civ. P. 11(c)(2), the SGT Defendants have served a Rule 11 motion for sanctions against the plaintiff, Trackman, Inc. ("Trackman" or "Plaintiff"), and I now write to request a pre-motion conference.[1] In short, Trackman's direct and indirect copyright infringement claims against the SGT Defendants are sanctionably frivolous because they are time-barred by copyright law's three-year statute of limitations. 17 U.S.C. § 507(b). Trackman knew, or should have known, about the alleged copying more than three years before adding the SGT Defendants to this case in the First Amended Complaint, and Trackman has been repeatedly warned about the issue by the SGT Defendants during the course of this litigation. Yet, Trackman has refused to withdraw the time-barred claims.

      There are two parts to Trackman's copyright claim against the SGT Defendants: (1) that Trackman's tournament API, which allowed its "Perfect Golf" game to integrate with third-party tournament websites, was copied; and (2) that Trackman's "Course Forge" software, which allowed users to generate their own virtual golf courses, was copied in connection with the development of GSPro. Under copyright law's discovery rule, an infringement claim accrues when the copyright holder discovers, or with due diligence should have discovered, the infringement. *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024). Due diligence, in turn, is an inquiry of the copyright holder's efforts to discover the infringement. *Id.*, at 152. The focus is on the discovery of the infringement (*id.*), not the identity of the infringer. In this case, the relevant date for purposes of the statute of limitations is November 15, 2020, which is three-years prior to Trackman adding the SGT Defendants to this case in its first amended complaint [Doc. 32]. The short answer is: yes – Trackman knew. Trackman knew that the tournament API had been copied no later than March 2020, and Trackman believed its

---

[1] Rule 11 requires the movant to serve the sanctions motion prior to filing the motion, giving the non-movant a 21-day period to withdraw the offending pleading. Fed. R. Civ. P. 11(c)(2). Given that timing requirement and the Court's individual practice rules requiring a pre-motion conference, my office received instructions from chambers to serve the motion and if the offending pleading was not timely withdrawn by Trackman then to request a pre-motion conference.

November 11, 2025

Course Forge software had been infringed starting in June 2020, with Trackman continuing its investigation throughout September and October 2020.

First, Trackman knew that the tournament API was copied because Perfect Golf tournaments were hosted on simulatorgolftour.com ("SGT") between March – August 2020, and the only way that could have happened was if Trackman allowed the SGT developers to have access to and copy from the tournament API. Trackman admits as much in its answer to the GSPro Defendants' counterclaims. Doc. 70, ¶ 31 ("TrackMan admits that it allowed an SGT connection for users with valid sim passes during the remainder of the grace period."). Trackman also plainly knew that it pushed an update to turn on the connection between Perfect Golf and SGT in March 2020 and that the tournament API was copied. Not only did Trackman know this prior to adding the SGT Defendants to the case, but it was spelled out for Trackman in the SGT Defendants' motion to dismiss and counterclaim, and during a recent deposition Trackman's witness confirmed that the API file had been shared with the developers of SGT (without restriction) to enable SGT to host Perfect Golf tournaments starting in March 2020.

Second, even if for some reason Trackman did not know about that copying of the tournament API, and/or to the extent that Trackman's claim is focused on alleged copying of "Course Forge" in connection with GSPro, Trackman's own business records that it produced during this litigation reflect that it was aware of the alleged infringement prior to November 15, 2020. Trackman's internal documents, produced during discovery, show that it was building its case beginning in the summer of 2020, and was aware of a connection between SGT and GSPro no later than October 2020. This connection between SGT and GSPro appears in various internal Trackman communications, including a power point that it circulated internally in October 2020.

Yet, Trackman did not bring a claim against the SGT Defendants within three years of such knowledge. Indeed, Trackman did not even name the SGT Defendants in its initial complaint, which was filed in January 2023. One would think that someone who allegedly caused Trackman millions of dollars in damages, and whose name and address was known for years, would not have been omitted from the original complaint, but Trackman failed to include the SGT Defendants in the original complaint.

Even if for the sake of argument Trackman was not aware of the statute of limitations issue when it added the SGT Defendants to this case in November 2023, the SGT Defendants have now on at least four occasions during the course of this litigation explicitly pointed out the issue to Trackman: in the SGT Defendants' motion to dismiss, in their answer and counterclaim, in a detailed letter sent on September 4th that the SGT Defendants sent to Trackman that included copies of Trackman's own internal documents, and in the Rule 11 motion that was served more than 21 days ago. But Trackman has not withdrawn the copyright claims against the SGT Defendant. It has not even substantively responded in writing to the SGT Defendants' letter that attempted to avoid motion practice on the issue, or to the already served Rule 11 motion. In the interim, the SGT Defendants have incurred significant expense in discovery related to the copyright claims, including multiple depositions over the past two weeks.

November 11, 2025

      Although Trackman has not provided a written response to either the SGT Defendants' September 4th letter or their already-served Rule 11 motion, based on a telephone call I had last week with one of Trackman's multiples lawyers the SGT Defendants anticipate that Trackman's position on the issue is: 1) the issue should be decided on summary judgment, rather than on a Rule 11 motion prior to the completion of discovery; 2) Trackman was not aware of Mr. Cooke's identity until a few weeks after November 15, 2020, when Trackman surreptitiously downloaded a copy of GSPro, and 3) the LLC defendant was not formed until November 11, 2020, which is four days before expiration of the limitations period on November 15, 2020. But these do not provide a basis to continue the claims against the SGT Defendants.

      Trackman does not need discovery to prove what it already knew months prior to November 15, 2020 and when it brought this case against the SGT Defendants: 1) that the tournament API was copied, in part, in order for SGT to successfully host Perfect Golf tournaments between March-August 2020; and 2) that there was a relationship between SGT and GSPro, when Trackman in June-October 2020 was investigating whether Course Forge had been copied. Taking the position that discovery is required is a transparent attempt to frivolously require the SGT Defendants to incur significant additional expense in discovery. As to the knowledge of Mr. Cooke's identity and the formation of his company, the discovery rule asks when the plaintiff knew or should have known of the infringement, not the identity of the infringer. Trackman knew, and its own documents (and deposition testimony) confirm that it knew, about the alleged copying months prior to November 15, 2020. Further, nothing stopped Trackman from discovering the SGT Defendants' identity prior to November 15, 2020, which was readily available to Trackman if it had conducted reasonable due diligence between June and October 2020 when it was investigating the alleged infringement and starting to, in its own words, build the case.

      Trackman should withdraw the copyright claims against the SGT Defendants with prejudice, and if it does not then the Court should sanction Trackman pursuant to Fed. R. Civ. P. 11 for bringing and continuing claims that are plainly time-barred by the statute of limitations. The SGT Defendants are prepared to file their previously served Rule 11 motion, or to supplement it with additional information that has come to light during the depositions that occurred in the period between the service of the motion and the submission of this letter. If Your Honor would like to conference the matter, we look forward to further discussing it with the Court.

      Respectfully,

      /s/ Jordan Greenberger__
      Jordan Greenberger, Esq.