

Stefan Mentzer
+1 212 459 7088
SMentzer@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018

goodwinlaw.com
+1 212 813 8800

November 14, 2025

**BY ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

*TrackMan, Inc. v. GSP Golf AB, et al.*, **1:23-cv-598-NRB (S.D.N.Y.)**

Dear Judge Buchwald:

I write for Plaintiff TrackMan, Inc. in response to the November 11, 2025 letter (ECF No. 105) by Defendants SimulatorGolfTour LLC and Chad Cooke (collectively, the "SGT Defendants").  The Rule 11 motion has no merit.  It would burden the Court with unnecessary motion practice and disrupt the Court-ordered schedule for the orderly completion of discovery and summary judgment briefing.

The SGT Defendants' motion concerns a question of fact—namely, when copyright infringement claims accrue.  The law is clear.  A claim accrues when the copyright owner, through reasonable diligence, first knew that it had a claim against the infringer.  The fact record is clear as well.  TrackMan's claims against SimulatorGolfTourLLC and Chad Cooke are timely because it first learned of them within the limitations period, not before.  The SGT Defendants disagree.  Notably, they drafted the Rule 11 motion and served it on TrackMan during the fact discovery period, before taking any depositions of TrackMan witnesses and asking what they knew, and when.  Depositions are now underway, and the testimony confirms what the documentary record shows: TrackMan's claims are timely.

TrackMan has explained this to the SGT Defendants by telephone and in writing.  They nevertheless plan to file a Rule 11 motion.  TrackMan cannot stop the SGT Defendants from making frivolous arguments.  But if they wish to present their statute of limitations defense, the appropriate vehicle to do so is in a motion for summary judgment based on a full record.  It is not Rule 11.

**Background**

TrackMan filed the initial complaint against Defendants GSP Golf AB and Davor Bogavac on January 24, 2023.  ECF No. 1.  TrackMan amended the complaint on November 15, 2023 to add SimulatorGolfTour LLC and Chad Cooke as defendants.  ECF No. 32.  The SGT Defendants moved to dismiss TrackMan's copyright infringement claims.  ECF No. 53.  The Court denied the motion, ruling that TrackMan's copyright infringement claim was not time-barred on the face of the complaint.  ECF No. 62, at 23-25 ("the allegations, when viewed in the light most favorable to plaintiff, strongly suggest that plaintiff's claim is indeed timely").

The SGT Defendants served the Rule 11 motion on October 13, 2025.  Fact discovery is underway and closes on January 23, 2026.  ECF No. 104.  The Scheduling Order provides that the parties are to file summary judgment pre-motion conference letters by December 18, 2026.  *Id.*



November 14, 2025
Page 2

**The law**

The Copyright Act sets a three-year statute of limitations for infringement claims.  17 U.S.C. § 507(b).  A claim accrues when the copyright owner knew or reasonably should have known of its claim.  *See Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024).  Determining when a claim accrues is a "fact-intensive inquiry."  *Id.* at 152.  Where the copyright owner does not know the identity of the infringer, the claim does not accrue.  *See Am. Bd. of Internal Med. v. Rushford*, 841 Fed. App'x 440, 443 (3d Cir. 2020) (limitations period began to run when plaintiff discovered defendant's identity, not the infringing conduct); *see also Robertson v. Seidman & Seidman*, 609 F.2d 583, 591-92 (2d Cir. 1979) (while the plaintiff in a securities action had a reason to suspect fraud, he did not have a reason to suspect the involvement of the particular defendant); *Butala v. Agashiwala*, 1997 WL 79845, at *5 (S.D.N.Y. Feb. 24, 1997) ("Although a plaintiff may have knowledge of the underlying fraud, inquiry notice for statute of limitations purposes is only triggered when the plaintiff is placed on notice of the fraudulent activities of the particular defendants being sued.").  The lapse of a limitations period is an affirmative defense that a defendant must prove.  *See Michael Grecco Prods.*, 112 F. 4th at 149.

"Courts may issue Rule 11 sanctions only in extraordinary circumstances."  *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008).  "Sanctions should always be a (very) last resort."  *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 WL 2807213, at *6 (S.D.N.Y. Sept. 28, 2006).

**The facts**

The record shows that TrackMan first learned with reasonable diligence of the SGT Defendants ***after*** November 15, 2020.  The claims accrued within the limitations period, and they are timely.  To summarize the relevant facts:

- TrackMan owns a company, Perfect Parallel, that developed and released a golf computer game, "Perfect Golf."  TrackMan owns the copyright in Perfect Golf.  The game allowed users to play golf tournaments online with each other.  An individual, Rick Bedard, operated a third-party tournament website, OnlineGolfTour.net ("OGT"), for Perfect Golf users to play each other.

- In August 2019, TrackMan announced that it would end simulator licenses in a year so that, by August 31, 2020, users could no longer play tournaments on OGT.  Shortly after, Mr. Bedard informed TrackMan that OGT would shut down before expiration of the one-year period.  Mr. Bedard informed TrackMan that a new platform would take the place of OGT during that period.  TrackMan was willing to allow tournament play through the new platform until August 31, 2020.

- The new tournament platform was named "SGT."  TrackMan believed that a person named Vance Vongphakdy ran it.  Documents produced in discovery and deposition testimony show that Mr. Bedard informed TrackMan that the SGT site was Mr. Vongphakdy's.  TrackMan believed that Mr. Vongphakdy managed SGT from its dealings with him.  TrackMan was not informed of, and it did not know, of a person named Chad Cooke or the entity SimulatorGolfTour LLC (which did not exist at the time; it was formed November 11, 2020).



November 14, 2025
Page 3

- TrackMan first learned of the golf simulator software GSPro and began to investigate it in the second half of 2020.  TrackMan gathered information and undertook reasonable efforts to learn more about GSPro and its development.  TrackMan learned that SGT allowed tournament play using GSPro.  A document from October 2020, corroborated by deposition testimony, shows that TrackMan believed Mr. Vongphakdy managed SGT.  TrackMan was not aware of Chad Cooke or SimulatorGolfTour LLC (which did not yet exist in October).

- As its investigation into GSPro progressed, TrackMan sought to learn if the developer of GSPro had copied TrackMan's code.  To analyze GSPro, TrackMan downloaded a copy of it in December 2020, *after* the November 15, 2020 cutoff.  Only upon downloading the software did TrackMan learn the identity of Chad Cooke.  TrackMan learned that Mr. Cooke was receiving payment for GSPro through the SGT website.  But TrackMan still did not know the extent of Mr. Cooke's involvement with SGT, and it did not learn of SimulatorGolfTour LLC at the time.

**The Rule 11 motion has no merit**

The SGT Defendants seek the extraordinary remedy of Rule 11 sanctions where accrual is a question of fact and the record shows that TrackMan first learned of SimulatorGolfTour LLC and Chad Cooke after November 15, 2020.  The SGT Defendants seek sanctions, despite that they served the motion *before* taking a single deposition of a TrackMan witness, and where *none* of the documents cited in the motion even mentions SimulatorGolfTour LLC or Chad Cooke.

The SGT Defendants apparently argue the Court should disregard that TrackMan was unaware of their identities.  There is no authority in this Circuit for that proposition, which runs against the fact-intensive inquiry required to determine accrual in copyright cases.  *See Michael Grecco Prods.*, 112 F.4th at 152.

Crucially, the SGT Defendants continue to facilitate the distribution and use of the infringing GSPro.  The limitations period resets with each infringing act.  *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) ("when a defendant commits successive violations, the statute of limitations runs separately from each violation").  TrackMan has timely claims regardless of their motion.

And open fact questions remain.  SimulatorGolfTour LLC did not even exist until November 11, 2020, when it was formed as an Iowa limited liability company, four days before the cutoff date.  TrackMan did not know of the company's existence in that time, and it is not reasonable to expect it would.  TrackMan is seeking discovery on when the formation of SimulatorGolfTour LLC became publicly available, to determine if anybody even *could* have learned of it in those four days.  TrackMan is awaiting the SGT Defendants' discovery responses on this topic.

This is the wrong motion at the wrong time.  Fact discovery closes in January, with document productions and several depositions currently underway.  Briefing the motion now would impose an undue burden on TrackMan where much work remains to be done.  The SGT Defendants should not be allowed to disrupt the orderly completion of discovery.  Any briefing should be set after the close of discovery, on a full record, in accordance with the Court-ordered schedule for summary judgment (ECF No. 104).



November 14, 2025
Page 4

Respectfully,

Stefan Mentzer

cc:     Counsel of record (by ECF)